

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Mr. Flowers:  Opinion No. O-3131

Re: Effective date of a bill con-
taining an emergency clause
when not returned by the
Governor until the expira-
tion of ten days from re-
ceipt thereof.

Your letter of February 5, 1941, requesting an
opinion upon the above subject matter is as follows:

"I respectfully request that you furnish
this office with the ruling or opinion per-
taining to the following question.

"By Article 3, Section 39 of the Constitu-
tion of Texas, it is provided that the effect-
ive date of all laws passed by the legislature
shall be 90 days after adjournment unless in
case of an emergency. Such emergency must be
expressed in a preamble or in the body of the
act and receive a vote of 2/3 of all members
elected to each house.

"By Article 4, Section 14 of the Consti-
tution of Texas, a bill not returned to the
legislature by the Governor with his object-
ions within 10 days (Sundays excepted), after
it shall have been presented to him while the
legislature is in session, becomes a law.
Where a bill is filed with the Secretary of
State under such circumstances (that is, Con-
stitution, Article 4, Section 14) and the bill
contains an emergency clause approved by the
required 2/3 vote does the bill become effect-
ive, (a) on the date it is filed in the office
of the Secretary of State, or (b) on the expira-
tion of 10 days (Sundays excepted) after the

MMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable M. O. Flowers - page 2

bill is presented to the Governor?

"As an example, please see volume 1 of
the Acts of the 46th Legislature page 99
where Chapter 6, H. B. 604 contains an emer-
gency clause and carries on page 102 the fol-
lowing information:

'Filed without the Governors'
signature, May 3, 1931. Effective
May 9, 1931.'

"Briefly, how was it determined that this
act became effective May 9, 1939 under the cir-
cumstances?"

That portion of Section 14, Article IV, of the
Constitution pertinent to your inquiry is as follows:

"If any bill shall not be returned by
the Governor with his objections within
ten days (Sundays excepted) after it shall
have been presented to him, the same shall
be a law in like manner as if he had sign-
ed it, unless the Legislature, by its ad-
journment, prevent its return, in which
case it shall be a law, unless he shall
file the same with his objections, in the
office of the Secretary of State and give
notice thereof by public proclamation with-
in twenty days after such adjournment."

In the matter of exercising the veto power, the
Governor is exercising a legislative function, and not an
executive function. Fulmore v. Lane, 140 S. W. 405, 1082.
From this it follows the approval of the Governor, or his
failure to disapprove in the manner provided by the Con-
stitution -- his official action -- is an essential part
of the legislative function to enact a law.

Section 39, Article III, of the Constitution de-
clares:

"No law passed by the Legislature,
except the general appropriation Act,

Honorable M. O. Flowers - page 3

> shall take effect or go into force until
> ninety days after the adjournment of the
> session at which it was enacted, unless
> in case of an emergency, which emergency
> must be expressed in a preamble or in the
> body of the Act, the Legislature shall, by
> a vote of two-thirds of all the members
> elected to each house, otherwise direct;
> said vote to be taken by yeas and nays
> and entered upon the journal."

Even an emergency act must have the approval of the Governor, or there must be shown the failure of the Governor to return the same within the time required by the Constitution with his objections thereto before the same becomes effective as finished legislation.

When an emergency act has been approved by the Governor, or when he has not acted in such a way with respect to the bill in his hands as to prevent its becoming effective, the emergency act does become effective, but of course its effective date is from and after its passage. We have seen that a part of the essential passage of an act is the action of the Governor in the way prescribed by the Constitution.

In the case you put it follows from what we have said that the emergency act became effective on the expiration of ten days (Sundays excepted) after the bill had been presented to the Governor.

Further replying to your incidental inquiry as to "how it was determined that this Act (Ch. 6, H. B. 604, Acts 46th Leg. reg. sess.) became effective May 9, 1939, under the circumstances," we cannot answer, except upon the familiar rule of presumption of official regularity. H. B. No. 604 was passed by the House April 13, 1939, by a vote of 119 yeas, no nays; by the Senate April 24, 1939, by a vote of 28 yeas, no nays. It bears the endorsement filed without the Governor's signature May 3, 1939, effective May 9, 1939. The date upon which the bill was presented to the Governor is not shown. Presumptively, the ten days (excluding Sundays) allowed by the Governor under the Constitution to hold and consider the measure, expired on May 8, 1939, in which event the act would become effective

561

Honorable R. O. Flowers - page 4

"from and after its passage", which would have been May 9, 1939.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED FEB 14, 1941

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN